&

AO 241
(Rev. 10/07)

Page 2

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: _Massachusetts_ | |
|---|---|---|
| Name (under which you were convicted): _John Powell_ | | Docket or Case No.: _09-P-899_ |
| Place of Confinement : _MCI Concord_ | Prisoner No.: _W86642_ | |
| Petitioner (include the name under which you were convicted) _John Powell_ _Middlesex_ | v. | Respondent (authorized person having custody of petitioner) _Bruce Gelb_ _Middlesex_ |
| The Attorney General of the State of | | |

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

      (b) Criminal docket or case number (if you know):

2.    (a) Date of the judgment of conviction (if you know): _November 10 2005_

      (b) Date of sentencing: _November 23 2005_

3.    Length of sentence: _2nd degree life_

4.    In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes  ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case: _1. Whether the appeals court decision that Powell's arguement that the trial judge's discharge of a juror who called in sick to a court officer, without a hearing and in the presence of earlier prior notice to the defendant and his council, violated Powell's right to be present for the procee against him?_

6.    (a) What was your plea? (Check one)

            ☑ (1)    Not guilty    ☐  (3)    Nolo contendere (no contest)

            ☐ (2)    Guilty       ☐  (4)    Insanity plea

&

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?   N/a

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *Massachusetts appeals court*

(b) Docket or case number (if you know): *09-P-899*

(c) Result: *Convictions affirmed except for possession with intent to distribute cocaine witch witch was*
(d) Date of result (if you know): *eside. January 31 2011*

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: *Supreme Judicial court*

(2) Docket or case number (if you know):

(3) Result: *application for further appellate review denied*

(4) Date of result (if you know): *April 1 2011*

&

DID YOU SEEK FURTHER REVIEW BY A HIGHER COURT?

1. Whether the trial judge's discharge of a juror who called in sick to a court officer, without a hearing and without the presence of and/or prior notice to the Defendant and his counsel, violated the Defendant's constitutional right to be present for the proceedings against him?

2. Whether the Commonwealth's admitted suppression of exculpatory fingerprint evidence for a period of over three and one-half years and until after the commencement of the trial, violated Defendant's due process rights under Brady v. Maryland, 373 U.S. 83, 87 (1963) and its progeny, and was so egregious that it should have resulted in a new trial or, at the very least, the preclusion of testimony from the Commonwealth's fingerprint expert?

&

        3.   Whether there were fatal deficiencies in the
   Commonwealth's expert ballistic evidence that rendered
   it unreliable and inadmissible for due process
   purposes under *Daubert v. Merrel Dow Pharms., Inc.*,
   509 U.S. 579 (1993)?

        4.   Whether the evidence was insufficient to
   convict the Defendant as a matter of due process of
   law?

        5.   Whether the trial judge's erroneous admission
   of the hearsay drug certificate in violation of
   Defendant's confrontation rights, *see Melendez-Diaz v.
   Massachusetts, 129 S.Ct. 2527 (2009)*, not only
   required a reversal of the drug conviction, but also,
   required a reversal of the murder conviction?

     Regarding the first point, we argued that the trial judge,
in violation of Defendant's due process rights, discharged a
pregnant juror, who telephoned a court officer and said she felt
ill, without holding a hearing and without the presence of and/or
prior notice to the defendant and his counsel.
Addressing only whether the discharge of the juror violated
statutory rights under G.L.c. 234 § 39 (Opinion, p. 4), and
erroneously finding that no hearing was necessary in order to
discharge the juror, *the Appeals Court did not even address
Defendant's argument that the accused had a fundamental right to
be present at all stages of the proceedings, including the
court's discharge of the juror, because substantial rights were
affected.* *United States v. Cronic*, 466 U.S. 648, 659 (1984).
We maintained that the trial judge's discharge of the juror
without notice and/or the presence of the defendant and his
counsel was structural error requiring an automatic reversal of
the conviction. *United States v. Cronic*, 466 U.S. at 659.

     Second, we argued that the Commonwealth's admitted
suppression of exculpatory fingerprint evidence for a period of
over three and one-half years and until after the commencement

of trial, was so egregious that it should have resulted in a new
trial or, at the very least, the preclusion of testimony from
the Commonwealth's fingerprint expert (Opinion, Ex. "A", p. 3).
Due process requires that the government disclose to a criminal
defendant favorable evidence in its possession that could
materially aid in the defense against the pending charges. *Brady
v. Maryland*, 373 U.S. 83, 87 (1963). Here, Defendant moved to
preclude expert fingerprint testimony and evidence from Sgt.
Robin Fabry, because of the untimely disclosure of an early
Automated Fingerprint Identification System ("AFIS") search,
which revealed that Defendant's prints did not match those found
on the murder weapon, while as many as 20 other possible
candidates did (Trial Transcript, Volume 4, page 264,
hereinafter "T.IV/264"; T.V/14,18-20; T.XVI/61-62,
T.XXVI/79,140-141,145). "Bad faith" was clearly shown on this
record, given defense counsel's specific and repeated (4)
requests for the evidence and the Commonwealth's admitted, 3-
year delay in disclosure. It was not until September 21, 2005,
in the midst of the *Daubert* hearing, and after the jury had
already been selected, that Fabry finally revealed to the
defense the existence of the exculpatory AFIS search
(T.XXVI/84). Moreover, the prosecutor learned of Fabry's non-
disclosure of evidence two weeks prior to the trial, and yet, he
too "inadvertently" did not communicate that fact to defense
counsel (T.V/289). Despite this record of prolonged
suppression of exculpatory evidence and blatant police
misconduct, the Appeals Court concluded that "no prejudice" was
shown from the suppression of exculpatory evidence (Opinion, Ex.
"A", p. 3). When a prosecutor receives a specific and relevant
request, like here, the failure to make any response "is seldom,
if ever, excusable." *United States v. Agurs*, 427 U.S. 97, 106
(1976). *Agurs* commands that "the reviewing court must set aside
the verdict and judgment unless it is sure that the error did
not influence the jury, or had but very slight effect.'" *Id.* at
112. Here, the Defendant demonstrated that had the AFIS search
been disclosed in advance of the trial, defense counsel, with
proper and thorough investigation, could have developed evidence
that numerous other suspects may have been the real culprit in
the Gauthier homicide. A defendant has a fundamental
constitutional right to present evidence that another person may
have been responsible for the offense. *Washington v. Texas*, 388
U.S. 14, 19 (1967). Given the Commonwealth's prolonged
suppression of evidence, there simply was no time for defense
counsel to investigate such third party culprit evidence,
provided for the first time in the midst of trial, including

&

with a fingerprint expert.  In circumstances like this, the
proper remedy was suppression of the proffered fingerprint
expert testimony and evidence, if not outright dismissal of the
charges.

Third, we maintained that there were fatal deficiencies in
the Commonwealth's expert ballistic evidence which rendered it
unreliable and inadmissible for due process purposes (Opinion,
Ex. "A", p. 2).  The ballistics evidence linked the .45 caliber
Colt Commander pistol seized by police from Powell upon his
arrest on September 16, 2002, to the casings and projectile
recovered from the Gauthier crime scene.  Defendant objected to
this ballistics evidence, however, as unreliable under *Daubert
v. Merrel Dow Pharms., Inc.*, 509 U.S. 579 (1993).  Tyrone Camper
and Kathleen Doherty of the Boston Police Firearms Unit
testified that as to projectiles, the protocol of their unit was
to require a count of six consecutive striations, or, two
running counts of three consecutive striations, before making a
match (T.IV/152-153,175-176; T.V/102); as to casings, there was
*no* set criteria nor quota of matching markings (T.IV/155-
156,175-178).  Captain Busa testified, on the other hand, that
the Massachusetts State Police had no such minimum numeric
protocol as to matching markings for either projectiles *or*
casings (T.IV/52-62).  Accordingly, Camper's, Doherty's and
Busa's testimony did not establish the reliability and
acceptance in a "relevant community" of their protocol and
underlying methodology of comparison, nor did it point to any
external source to validate their methodology, as required by
*Daubert*.  There was no agreement regarding how many similarities
are required before declaring a "match" as to projectiles or
casings.  The proffered ballistics testimony failed to meet
*Daubert's* standard for reliability because there were no
meaningful and accepted validity studies and testing protocol or
methodology in the field.

Equally important, the ballistics evidence should have been
excluded because the Commonwealth did not carry its burden of
showing, "that its methodology in this particular case was
reliable. . . ."  *United States v. Montiero*, 407 F.Supp.2d 351,
374 (D.Mass. 2006), citing *In re Paoli R.R. Yard PCB Litig.*, 35
F.3d 717, 745 (3d Cir. 1994).  Like the Government's ballistics
expert in *Monteiro*, the examinations of the Commonwealth's
ballistics experts in this case, "fall short of the mark in two
major area:  documentation and peer review."  *Id*.  With respect
to documentation, standard guidelines require examiners to

&

*Page* 5

document their findings through the use of notes, sketches, and photographs, which sufficiently describe what led the examiner to his/her conclusions.  A report that merely states a "positive ID" is insufficient; to be admissible, the basis for identification must be sufficiently described so that it is "reproducible and verifiable. . ."  *Id*.  Here, Tyrone Camper and Kathryn Doherty were erroneously permitted to merely give "positive ids" without setting forth an adequate basis for their identifications.  They testified vaguely that there were "sufficient" matching markings on the projectile and casings, without specifically describing or documenting *which* of the markings were matching, and/or the specific *number* of matching markings, and their *sequencing*, *i.e.*, whether six consecutive markings, or two running counts of three consecutive striations (T.IV/159-160,183-184,199-201,216; T.V/102-103,118-120).  The same is true for Captain Busa, who only vaguely testified there were a "sufficient" number of matching markings without specific description or number (T.IV/48-52).  Further, Busa's findings were never verified by an independent second qualified examiner in accordance with the generally accepted standard in the field. *See, e.g., Monteiro*, 407 F.Supp.2d at 351.  Nor were photographs nor written records generally made of Camper's and Busa's underlying findings (T.IV/29,159-160,183-184).  Boston Police protocol required photographing where, like here, a match of ballistics evidence was being made as to two separate investigations, *i.e.*, the September 5th and September 16th incidents (T.IV/184-187).  Both the trial court and the Appeals Court erroneously overlooked and did not address any of the above deficiencies -- none of which were factually disputed by the Commonwealth on appeal.  Accordingly, the ballistics testimony should have been excluded as unreliable under *Daubert*.

Fourth, we argued that the evidence was insufficient to convict Defendant, especially since the Commonwealth's ballistics evidence was unreliable and should not have been admitted to begin with.  Otherwise, there was no eyewitness to the crime, nor any blood, hair, fiber, DNA, or other forensic evidence connecting Powell to the crime (T.X/29-30).  Moreover, the Commonwealth presented highly questionable and unreliable identification evidence from Suwanna Pankham and Bundiht Pankham that Powell supposedly was seen entering a black car across the street from 18 Wardman Road after gunshots were fired (T.XIII/134-137,191,230; T.XIV/118-120). The Pankams' respective viewing of the suspect was in "an instant" (Suwanna) (T.XIII/205-208) and/or in a "fraction of a second" (Bundiht)

&

*Page* 6

(T.XIV/163).  Neither said they recognized Defendant when they first spoke to police (T.XIII/140-141,204; T.XIV/123-124,178). Likewise, Toby Pena testified that he saw a black male, whom he did not recognize, enter a black Nissan motor vehicle and drive away from the scene after the gunshots (T.XII/116-118,206-207,210; T.XIII/12); he saw the same car being operated by Powell the next morning, after which he purportedly identified Powell (T.XII/121-128,220).  Even if the above witness identification evidence was credited, it established, at most, Defendant's presence in the general vicinity of 18 Wardman Road shortly after the shooting.  Moreover, even if the incompetent ballistics testimony was credited, Defendant's being in possession of the alleged murder weapon 11 days later was insufficient, without more, to base the murder conviction.  The evidence . . .did not establish the Commonwealth's charge beyond unacceptable conjecture or surmise, and the convictions are unreliable, and hence, violative of state and federal due process.  *Francis v. Franklin*, 471 U.S. 307, 313 (1985); *United States v. Spinney*, 65 F.3d 231, 234 (1st Cir. 1995).

*Fifth*  , we maintained that admission of the hearsay drug certificate in admitted violation of Defendant's confrontation rights not only required a reversal of the conviction for possession with intent to distribute cocaine, *see Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009), but also required a reversal of the murder conviction as well.  Commenting that the Commonwealth need not prove "motive" for the murder (Ex. "A", p. 3), the Appeals Court overlooked and/or misapprehended Defendant's argument that the trial judge erroneously allowed the Commonwealth to use the prejudicial hearsay certificate, indicating that there were 6.74 grams of "crack" cocaine in 32 separate twist bags of 71% purity recovered by police (T.XXV/79-80), to support its theory of the alleged murder, that Defendant shot and killed Paul Gauthier to "tak[e] care of the situation" caused by Gauthier's having "trashed" with an aluminum bat the alleged "crack" house at 16 Wardman Road from which Powell supposedly sold his drugs (T.XXIX/134).  The erroneous admission of the incompetent hearsay drug certificate was not "harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 22-23 (1967).

&

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ☐ Yes     ☑ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):                N/a

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes     ☐  No

(7) Result:                                        N/a

(8) Date of result (if you know):

&

(b) If you filed any second petition, application, or motion, give the same information: N/a

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐   Yes     ☐   No

  (7) Result:                                                  N/a

  (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):                N/a

  (4) Nature of the proceeding:

  (5) Grounds raised:

&

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes      ☐   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ☐   Yes      ☐   No

(2) Second petition:   ☐   Yes      ☐   No

(3) Third petition:      ☐   Yes      ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
        laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
        supporting each ground.

        CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
        remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
        grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Whether the trial judge's discharge of a juror who called in sick to a court officer, without a hearing and without the presence of and/or prior notice to the defendant and his counsel, violated the defendant's constitutional right to be present for the proceedings against him?*

(b) If you did not exhaust your state remedies on Ground One, explain why:

*Grounds Exhausted*

&

AO 241
(Rev. 10/07)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*direct appeal*

&

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *Application for further appellate review*

### GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Whether the commonwealth's ~~emitted~~ admitted suppression of exculpatory fingerprint evidence for a period of over three and one-half years and until after the commencement of the trial, violated defendant's due process rights under Brady v. Maryland, and its progeny, and was so egregious that it should have resulted in a new trial or, at the very least, the preclusion of testimony from the Commonwealth's fingerprint expert?*

(b) If you did not exhaust your state remedies on Ground Two, explain why:

*Grounds Exhausted*

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

&

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*direct appeal*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
       have used to exhaust your state remedies on Ground Two

*Application for further appellate review*

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):                     J.R.

Whether there were fatal deficiencies in the commonwealth's Expert ballistic
evidence that rendered it unreliable and inadmissible for due process
purposes?

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

*Grounds Exhausted*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

&

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*NOT APPLY*

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

## GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Whether the evidence was insufficient to convict the defendant as a matter of due process law?*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Direct appeal*

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

## GROUND *FIVE*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Whether the trial judge's erroneous admission of the hearsay drug certificate in violation of defendant's confrontation rights, see Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009), not only required a reversal of the drug conviction, but also, required a reversal of the murder conviction?*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground *FIVE***

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*direct appeal*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:  *Application for further appellate review*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground Three:

Ground Six

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutorial Misconduct is Committed where the Defendant's
Constitutional Rights, Massachusetts Declaration of Right's
and Laws of the United States are Violated by Hampering or
Interference by the Prosecution Depriving the Defendant of
Due Process of Law requiring Remand or Dismissal of Indictment.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

Pending review of motion to stay  (see attachment)

(c)     Direct Appeal of Ground Six

        (1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☑ No

        (2) If you did not raise this issue in your direct appeal, explain why:

        Counsel failed to raise issue

(d)     Post-Conviction Proceedings:

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☑ Yes     ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: Rule 30(b)

Name and location of the court where the motion or petition was filed:

*Suffolk Superior*

Docket or case number (if you know): *02·11199*

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Decision Pending on rule 30(b)*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground **Six**

*Rule 30(b)*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
       have used to exhaust your state remedies on Ground Three:

*Ground Seven*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Ineffective Assistance of Counsel Applies where Counsel failed
to properly Challenge Commonwealth's Expert witness testimony
by utilizing private institution(s) adequately to make a
sound determination.*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

*Pending review of motion to stay (see attachment)*

(c)    Direct Appeal of Ground *SEVEN*

       (1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes        ☒  No

       (2) If you did not raise this issue in your direct appeal, explain why:

       *Ineffective Assistance of Counsel, were counsel failed to raise issue.*

(d)    Post-Conviction Proceedings:

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☒  Yes        ☐  No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition:  *Rule 30 (b)*

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

*Suffolk Superior*

Docket or case number (if you know): *02-11199*

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                      ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?                 ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Decision   Pending on rule 30 (b)*

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground *Seven*

        *Rule 30 (b)*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

Ground Eight :

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ineffective Assistance of Counsel applies where counsel failed
to interview Commonwealth's witness for impeachment purpose.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

Pending review of motion to stay  (see attachment)

(c)     Direct Appeal of Ground Eight

    (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel were counsel failed to raise issue.

(d)     Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes     ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Rule 30 (b)

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

*Suffolk Superior*

Docket or case number (if you know): *02-11199*

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Decision Pending rule 30(b)*

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground *Eight*

*Rule 30(b)*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground Three:

Ground Nine

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ineffective Assistance of Counsel applies where counsel deprived defendant of his Due Process of Law by failing to present a sound and effective defense, by not seeking a continuance after late disclosure of fingerprint evidence introduced at trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

Pending review of motion to stay (see attachment)

(c)     **Direct Appeal of Ground** Nine

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

        (2) If you did not raise this issue in your direct appeal, explain why:
        Ineffective Assistance of Counsel, where counsel failed to raise issue.

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☑ Yes     ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: Rule 30 (b)

Name and location of the court where the motion or petition was filed:

Suffolk Superior

Docket or case number (if you know): 02-11199

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☒ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☒ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Decision Pending rule 30(b)

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground NINE

Rule 30(b)

℞AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?            ❒ Yes      ❒ No

(4) Did you appeal from the denial of your motion or petition?       ❒ Yes      ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❒ Yes      ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

*Application for further appellate review*

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds, Ground 7, Ground 8, Ground 4

Ineffective Assistance of Counsel, were counsel failed to raise issues, This delay in filing my Federal Habeas is due to a misunderstanding with Suffolk Superior Court in the failure to respond to my motion to stay on a new trial motion before my 2254 filing deadline. There is also the issue of this motion for a new trial being in the hands of CPCS for screening and purpose.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☑  No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Suffolk Superior Court, Boston MA. Doc # 02-11179
This is a motion for a new trial that the defendant filed a motion to stay on at the end of June, 2012. The issues raised were            Grounds, Ground 7, Ground 8 and Ground nine.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Beth Eisenberg  44 Bromfield St. Boston, MA. 02108
Co/counsel Jonathan Shapiro 90 canal st. Boston, MA. 02114

(b) At arraignment and plea: Beth Eisenberg 44 Bromfield St. Boston, MA. 02108
Co/counsel Jonathan Shapiro 90 canal st. Boston, MA, 02114

(c) At trial: Beth Eisenberg 44 Bromfield St. Boston, MA. 02108
Co/counsel Jonathan Shapiro 90 canal st. Boston, MA. 02114

(d) At sentencing: Beth Eisenberg 44 Bromfield st.  Boston, MA. 02108
Co/counsel Jonathan Shapiro 90 canal st. Boston, MA. 02114

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

*N/d*

(b) At arraignment and plea: *Beth Eisenberg  44 Bromfield st. Boston MA 02108*

(c) At trial: *Beth Eisenberg 44 Bromfield st. Boston MA 02108  co/counsel Johnatho.
Shapiro 90 canal st. Boston MA 02114*

(d) At sentencing: *Beth Eisenberg 44 Bromfield st. Boston MA· 02108  co/ counsel
Johnathan Shapiro· 90 canal st· Boston MA 02114*

(e) On appeal: *Donald Harwood  chatham, New York 12037  7 Railroad Ave*

(f) In any post-conviction proceeding:

*Donald Harwood 7 Railroad Ave Chathem, New York 12037*

(g) On appeal from any ruling against you in a post-conviction proceeding:

*Donald Harwood 7 Railroad Ave Chathem, New York 12037*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

*N/d*

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:    *N/d*

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☐ Yes    ☐ No    *N/d*

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Case 1:13-cv-11465-NMG   Document 1   Filed 06/17/13   Page 30 of 32

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

- (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    - (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    - (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    - (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    - (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)      The time during which a properly filed application for State post-conviction or other collateral review
                with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
                limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

*REVErSE his conviction and him a new trial.*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____*12/14/11*_____ (month, date, year).

Executed (signed) on _____*12/14/11*_____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

MASXP-20091228
Case 1:13-cv-11465CNMGonDocumentMassachusetts7/13   Page 32 of 32
10/10/2012
10:08 AM
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR2002-11199
## Commonwealth v Powell, John

| Date | Paper | Text |
|------|-------|------|
| | 142.0 | receipt of the transcripts by counsel and the Court. Notice/Attest |
| 12/07/2009 | | Appearance of Deft's Atty: Donald Harwood |
| 04/11/2011 | 143.0 | Rescript received from Appeals Court; judgment REVERSED On the charge of possession of cocaine with intent to distribute the judgement is reversed and the verdict is set aside. The judgements on the remaining charges are affirmed (J. Zanini, ADA and Atty. D. Harwood notified) |
| 05/09/2011 | | Defendant not present, hearing continued until 6/23/2011 re: trial date - melendez diaz reversal as to Count 9. Wilson, Mag - C. Bartoloni, ADA - ERD/JAVS |
| 06/23/2011 | | Defendant not present, continued by Order of the Court until 6/30/2011 for Status re: Melendez-Diaz Reversal. Brady, J. - G. Ogus for E. Zabin, ADA - ERD L. Beers. |
| 06/28/2011 | | Defendant brought into court for on this date. Hearing re; motion to revise and revoke. |
| 06/28/2011 | | Original sentence dated 11/23/05 revised to Offense # 001 - MCI Junction for and during natural life from and after Offense #004. Mittimus issued. (Raymond J Brassard, Justice) E. Zabin, ADA - W. Greenlaw, CR - J. Shapiro, ATTY |
| 06/29/2011 | | RE Offense 9:Nolle prosequi , statement filed. |
| 07/09/2012 | 144.0 | Deft files Pro-Se: Motion to Stay Proceedings on the Defendant's Motion for a New Trial. (Notice sent Brassard, J. w/copy and docket sheets - 8/21/12) |

*Attachment* (handwritten)

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 11/25/2002 | Magistrate Ctrm 705 | Arraignment | Event held as scheduled |
| 01/09/2003 | Magistrate Ctrm 705 | Conference: Pre-Trial | Event held as scheduled |
| 01/28/2003 | Magistrate Ctrm 705 | Continuance by agreement Conference: Pre-Trial | Event held as scheduled |
| 02/06/2003 | Criminal 1 Ctrm 704 | Continued by agreement. Re: Further PTC Hearing: Motion | Event held as scheduled |
| 02/07/2003 | Criminal 1 Ctrm 704 | Continued by agreement. Re: Contested Issues. Hearing: Motion | Event held as scheduled |
| 03/10/2003 | Criminal 1 Ctrm 704 | continuance by agreement. Hearing: Motion | Event not held--joint request |
| 03/26/2003 | Criminal 1 Ctrm 704 | continuance by agreement re: Non - Evidentiary Motions. Hearing: Motion | Event held as scheduled |
| 05/06/2003 | Magistrate Ctrm 705 | continuance by agreement re: Non - Evidentiary Motions. Conference: Status Review | Event held as scheduled |
| 07/15/2003 | Magistrate Ctrm 705 | continuance by agreement. Status: Filing deadline | Event held as scheduled |
| 09/09/2003 | Magistrate Ctrm 705 | Continued by agreement. Re: Filing and Scheduling of Evidentiary Motions. Status: Review by Session | Event held as scheduled |
| 10/08/2003 | Magistrate Ctrm 705 | by agreement re: discovery Conference: Status Review | Event held as scheduled |
| 12/02/2003 | Magistrate Ctrm 705 | Continued by agreement. Re: Discovery Compliance. Status: Filing deadline | Event held as scheduled |
| | | Continued by agreement. | |

*Attachment* (handwritten)