United States District Court
District of Massachusetts

|  |  |
|---|---|
| JOHN POWELL,<br><br>    Petitioner,<br><br>    v.<br><br>BRUCE GELB,<br><br>    Respondent. | Civil Action No.<br>13-11465-NMG |

MEMORANDUM & ORDER

GORTON, J.

Petitioner John Powell ("petitioner"), an inmate at the Massachusetts Correctional Institution-Concord ("MCI-Concord"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Bruce Gelb ("respondent") has moved to dismiss the petition as time-barred and petitioner has moved to appoint counsel and for this Court to stay his petition or hold it in abeyance in light of concurrent proceedings before the Suffolk County Superior Court.

I.  **Background and Procedural History**

In November, 2005, following a trial before the Honorable Raymond Brassard of the Massachusetts Superior Court for Suffolk County, a jury found petitioner guilty of second degree murder, assault with intent to kill, unlawful possession of a firearm and possession of a Class B substance with intent to distribute.

-1-

He was sentenced to a term of life in prison for the murder and concurrent prison terms of nine to ten years for armed assault with intent to kill, four to five years for unlawful possession of a firearm and five to seven years for possession of a class B substance with intent to distribute.

In January, 2011, the Massachusetts Appeals Court reversed his conviction for possession of a Class B substance with intent to distribute but affirmed his convictions on the remaining charges. The Supreme Judicial Court of Massachusetts ("SJC") denied petitioner's application for further appellate review in April, 2011.

Petitioner states that he has been incarcerated at MCI-Concord since November, 2011. He avers in at least two signed but unwitnessed affidavits submitted to this Court that on April 11, 2012 he placed a Mass. R. Crim. P. 30 Motion for a New Trial addressed to the Clerk of the Suffolk Superior Court in the mailbox for outgoing mail at MCI-Concord and that he affixed thereto $2.30 in First Class postage. There is no record of the motion being received by the Suffolk Superior Court and it does not appear on the docket of the petitioner's case before that court. See Criminal Docket, Commonwealth v. Powell, No. SUCR2002-11199 ("Superior Court Docket").

In July, 2012, petitioner filed a motion to stay proceedings on his motion for a new trial. The motion was

received and docketed by the Clerk of the Suffolk Superior Court, Superior Court Docket No. 144, and allowed by Associate Justice Brassard in November, 2012. In August, 2013, petitioner again moved to stay the state court proceedings, Superior Court Docket No. 145, and that motion was also allowed by Justice Brassard.

Petitioner filed the instant habeas corpus petition under 28 U.S.C. § 2254 on June 17, 2013. He avers that in September, 2013, he learned that the Clerk of the Suffolk Superior Court had not received the motion that he allegedly mailed in April, 2012. He moved for leave to file a motion for a new trial nunc pro tunc and concurrently moved for a new trial in October, 2013. Superior Court Docket Nos. 146-47. Those motions are pending before Justice Brassard.

## II. Respondent's motion to dismiss petition as time-barred

Respondent has moved to dismiss the petition on the grounds that it is time-barred.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The limitations period begins to run on the date on which the state court judgment becomes final either because of the "conclusion of direct review" or the "expiration of the time

for seeking such review". Id. § 2244(d)(1)(A). If a prisoner unsuccessfully appeals his conviction to the highest court of the state, his conviction becomes final 90 days after that appeal concludes, i.e. at the end of the 90-day period to file a petition of certiorari with the Supreme Court of the United States. Serrano v. Dickhaut, No. 12-40012, 2012 WL 2343730, at *2 (D. Mass. June 19, 2012) (citing Voravongsa v. Wall, 349 F.3d 1, 2 (1st Cir. 2003)). Furthermore, even if the one-year limitation period begins to run, it is tolled during period(s) in which

> a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ....

28 U.S.C. § 2244(d)(2).

Here, the SJC denied petitioner's application for further appellate review on April 1, 2011 and petitioner did not file a petition for a writ of certiorari. As a result, the limitations period began to run on July 1, 2011 and expired on July 1, 2012.

Respondent contends that petitioner's § 2254 petition, which was filed on June 17, 2013, was therefore filed after the AEDPA limitation period expired and must be dismissed. Petitioner responds that the limitation period was tolled when he placed his motion for a new trial in the outgoing mailbox at MCI-Concord on April 11, 2012. Respondent has no answer to that argument other than to note that petitioner's motion for a new

-4-

trial does not appear on the Superior Court Docket until October 18, 2013.

Respondent has failed to demonstrate that petitioner's claim is time-barred. The Supreme Court of the United States, the United States Court of Appeals for the First Circuit and the SJC have all adopted some version of the prison mailbox rule under which a pro se prisoner's pleadings are deemed filed on the date on which they are submitted to prison authorities for mailing to the court with which the pleadings are to be filed. See Houston v. Lack, 487 U.S. 266, 270-76 (1988) (explaining that applying rule to late-filed notice of appeal was justified because a pro se prisoner cannot personally deliver a pleading to the court and must depend on prison authorities over whom he has no control); Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999) (adopting rule for filing of § 2254 petitions); Commonwealth v. Hartsgrove, 553 N.E.2d 1299, 1301-03 (Mass. 1990) (applying rule to notices of appeal). The Court finds that the rationale for applying the rule to the filing of notices of appeal and § 2254 petitions warrants extending the rule to motions for a new trial filed with a Massachusetts trial court.

Assuming that the mailbox rule applies, respondent bears the ultimate burden of proving that petitioner did not mail his

motion on the date he claims.  The SJC has described the shifting burden of proof as follows:

> Once the defendant comes forward with evidence as to the date and time he deposited [his motion] with prison authorities, the burden of proof ... is on the Commonwealth to show that the defendant could not have deposited the [motion] in the prison mailbox within the established time period, the prison being the entity with the best access to the evidence needed to resolve the question.

Hartsgrove, 553 N.E.2d at 1303 (citing United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989); see also Casanova v. Dubois, 304 F.3d 75, 78-79 (1st Cir. 2002) (observing that Fed. R. App. P. 4 and 25 permit inmates to demonstrate that their filings are timely by "including a declaration or a notarized statement specifying the date the mail was deposited in the prison system and stating that first-class postage was pre-paid").

Here, petitioner has carried his initial burden by submitting affidavits that aver that he deposited his motion for a new trial in the mailbox for outgoing prison mail in April, 2012 and paid for First Class postage.  Moreover, there is evidence that petitioner thought that he had filed a motion for a new trial as of July 9, 2012 because on that date he moved the trial court to stay his motion for a new trial.  The burden is therefore on the respondent to show that petitioner could not have mailed his motion when he claims to have mailed it by, for instance, presenting evidence that MCI-Concord retains records

of all outgoing prisoner mail and that petitioner's motion, if sent, would appear in those records. Respondent has made no effort to rebut petitioner's claim that he sent his motion in April, 2012 and instead has rested on his contention that petitioner's motion is "not reflected" in the Superior Court Docket until October, 2013. As a result, the Court will deny his motion to dismiss without prejudice.

### III. Petitioner's motions to hold habeus corpus petition in abeyance

Given that respondent may choose to renew his motion to dismiss, the Court declines to decide if the "stay and abeyance" procedure for "mixed" habeas petitions should be applied to petitioner's claims at this time. See Rhines v. Weber, 544 U.S. 269, 274-78 (2005). If respondent does not promptly renew his motion to dismiss, the Court will proceed to address petitioner's motions.

### IV. Petitioner's motion for appointment of counsel

The Court is authorized to appoint legal counsel to financially eligible persons seeking habeas corpus under § 2254 when the Court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2); see Serrano v. Dickhaut, No. 12-40012, 2012 WL 2343730, at *1 (D. Mass. June 19, 2012). A habeas petitioner does not have a constitutional or statutory right to appointed counsel and therefore this Court has the

discretion to determine whether such an appointment is warranted. Id. (citing Jackson v. Coalter, 337 F.3d 74, 77 n.2 (1st Cir. 2003)).  The First Circuit has set forth three criteria for consideration in the "rare" case where appointment of counsel for a habeas petitioner is warranted. Id. (citing United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993)). These factors include: (1) the likelihood of success on the habeas claim; (2) the level of complexity of the facts and law; and (3) the prisoner's ability to investigate and develop the factual record necessary to the claim. Id.

The Court believes that the appointment of counsel is not warranted in this case given that Powell's petition does not appear to require further development of the factual record and the legal issues involved are not particularly complex.

## ORDER

For the foregoing reasons,

1) Respondent's motion to dismiss as time-barred (Docket No. 16) is **DENIED WITHOUT PREJUDICE**;

2) Petitioner's motions to stay (Docket No. 15) and to hold habeas corpus petition in abeyance (Docket No. 21) remain under advisement and will be considered ripe by this Court if respondent does not file his renewed motion to dismiss on or before April 11, 2014; and

3) Petitioner's motion to appoint counsel (Docket No. 3) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 13, 2014