United States District Court
District of Massachusetts

|                      |   |                  |
|----------------------|---|------------------|
| JOHN POWELL,         | ) |                  |
|                      | ) |                  |
|     Petitioner, | ) |                  |
|                      | ) | Civil Action No. |
| v.                   | ) | 13-11465-NMG     |
|                      | ) |                  |
| BRUCE GELB,          | ) |                  |
|                      | ) |                  |
|     Respondent. | ) |                  |

**MEMORANDUM & ORDER**

**GORTON, J.**

Petitioner John Powell ("Powell" or "petitioner"), an inmate at the Massachusetts Correctional Institution-Concord ("MCI-Concord"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In March, 2014, the Court denied without prejudice the motion of respondent Bruce Gelb ("Gelb" or "respondent") to dismiss Powell's petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). In denying the subject motion, the Court found that Powell had made a sufficient showing that he tolled the AEDPA limitations period by placing a motion for a new trial in the outgoing mail at MCI-Concord in April, 2012 to shift the burden to respondent to show that Powell could not have mailed his motion on that date.

-1-

Respondent has since filed a renewed motion to dismiss. Also pending before the Court are Powell's motions to stay proceedings on his § 2254 petition and to hold the petition in abeyance pending exhaustion of his unexhausted state court claims. The instant memorandum disposes of those motions.

## I. Background

The relevant facts of Powell's conviction in the Suffolk Superior Court and his appeals of that conviction are summarized in this Court's Memorandum and Order of March 13, 2014 (Docket No. 23) and require no further elucidation here.

Under the AEDPA, a one-year period of limitation applies to petitions for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The limitations period begins to run on the date on which the state court judgment becomes final. Id. § 2244(d)(1)(A). If a prisoner unsuccessfully appeals his conviction to the highest court of the state, his conviction becomes final 90 days after that appeal concludes, i.e. at the end of the 90-day period to file a petition of certiorari with the Supreme Court of the United States. Serrano v. Dickhaut, No. 12-40012, 2012 WL 2343730, at *2 (D. Mass. June 19, 2012) (citing Voravongsa v. Wall, 349 F.3d 1, 2 (1st Cir. 2003)). Furthermore, even if the one-year limitation period begins to run, the petitioner may

toll the limitations period by applying for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2).

Here, the Massachusetts Supreme Judicial Court denied Powell's application for further appellate review of his Superior Court conviction on April 1, 2011. Petitioner did not file a petition for a writ of certiorari. As a result, the limitations period began to run on July 1, 2011 and expired on July 1, 2012. Respondent contends that petitioner's § 2254 petition is therefore barred because it was filed in June, 2013.

Powell avers that on April 11, 2012, he tolled the limitations period by placing a motion for a new trial addressed to the Clerk of the Suffolk Superior Court in the mailbox for outgoing mail at MCI-Concord and that he affixed thereto $2.30 in First Class postage. There is no record of the motion being received by the Suffolk Superior Court and it does not appear on the docket of the petitioner's case before that court. See Criminal Docket, Commonwealth v. Powell, No. SUCR2002-11199. Powell avers that in September, 2013, he learned that the Clerk of the Suffolk Superior Court did not receive that motion. He moved for leave to file a motion for a new trial nunc pro tunc and concurrently moved for a new trial in October, 2013. The Suffolk Superior Court denied the motion for a new trial in January, 2014 and Powell has appealed that decision to the Massachusetts Court of Appeals.

-3-

## II. **Respondent's Renewed Motion to Dismiss as Time-Barred**

Respondent has renewed his motion to dismiss Powell's § 2254 petition as time-barred under the AEDPA. In support of his motion, he submits an affidavit of Dale Bissonette ("Bissonette"), the Deputy Superintendent for Classification and Programs at MCI-Concord, which describes how MCI-Concord processed outgoing prisoner mail in April, 2012.

According to Bissonette, MCI-Concord did not log outgoing prisoner mail. Inmates deposited mail in a locked box and prison employees collected it from the box, inspected it to ensure that it bore proper return addresses, delivered it to the mail room for scanning and delivered it to the post office. Moreover, stamps, postage and envelopes were charged against inmates' institutional accounts. Records of Powell's account reveal that he purchased books of ten stamps from the prison canteen on January 9 and March 26, 2012 and manila envelopes on March 3, March 26, April 2 and April 9, 2012.

Such evidence is insufficient to carry respondent's burden of proving that petitioner could not have placed his motion in the outgoing mail on April 11, 2012, because the available evidence is consistent with Powell's claim that he mailed his motion at about that time. See Houston v. Lack, 487 U.S. 266, 270-76 (1988); Casanova v. Dubois, 304 F.3d 75, 78-79 (1st Cir. 2002); Commonwealth v. Hartsgrove, 553 N.E.2d 1299, 1301-03

-4-

(Mass. 1990). April 11, 2012 is therefore the effective filing date for Powell's motion for a new trial. Casanova, 304 F.3d at 79. The filing of that motion prior to July, 2012 tolled the AEDPA statute of limitations. Respondent's motion to dismiss the § 2254 petition as time-barred will therefore be denied.

### III. **Petitioner's Motion to Hold Habeas Corpus Petition in Abeyance**

Petitioner's motion is a "mixed" petition for habeas corpus that contains both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005). The Supreme Court of the United States has held that, in certain circumstances, it is appropriate to employ a "stay-and-abeyance" procedure in federal court to permit the petitioner to exhaust his unexhausted state claims. Id. at 275-278. Stay-and-abeyance is justified where 1) the petitioner has good cause for his failure to exhaust certain claims, 2) the unexhausted claims are "potentially meritorious" and 3) there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Those circumstances exist here. First, Powell has demonstrated good cause for his failure to exhaust his state claims: he allegedly mailed his motion for a new trial in April, 2012, and the motion is still pending in the state court system. Second, failure of the Clerk of the Suffolk Superior Court to receive the motion before Powell filed the instant petition

cannot be attributed to Powell. See Lack, 487 U.S. at 270-76 (justifying application of prison mailbox rule to late-filed appeal on grounds that inmate must rely on prison authorities over whom he has no control). Third, respondent does not challenge the merits of the unexhausted claims in his opposition to the subject motion and the Court therefore assumes without deciding that they are sufficiently meritorious to warrant stay-and-abeyance.

Finally, given that the state trial court denied Powell's motion for a new trial and the matter is pending before the Massachusetts Court of Appeals, it is unlikely that invoking the stay-and-abeyance procedure will unduly delay federal proceedings or frustrate the goal of AEDPA of promoting finality in federal habeas review. See Rhines, 544 U.S. at 278. Nevertheless, to avoid unnecessary delay, petitioner will be required to renew his § 2254 petition within 30 days of the final disposition of those claims in state court. Id. (citing Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)).

# ORDER

For the foregoing reasons,

1) respondent's Renewed Motion to Dismiss (Docket No. 29) is **DENIED WITHOUT PREJUDICE** to renewal for reasons other than failure to file within the AEDPA limitations period;

2) petitioner's Motion to Hold Habeas Corpus Petition in Abeyance (Docket No. 21) is **ALLOWED** and proceedings on his 28 U.S.C. § 2254 petition are stayed pending exhaustion of his unexhausted state court claims;

3) petitioner shall renew his petition for a writ of habeas corpus no more than 30 days after exhausting his claims in state court; and

4) petitioner's Motion to Stay (Docket No. 15) is **DENIED AS MOOT**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 17, 2014